IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00119-BNB

MARK BROUGHTON,

Applicant,

v.

JULIE WANDS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Mark Broughton, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution (FCI) in Florence, Colorado. Mr. Broughton initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On January 26, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On February 16, 2010, Respondent filed a preliminary response. Mr. Broughton submitted a reply on March 1, 2010.

The Court must construe Mr. Broughton's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Broughton asserts that he should be placed in a Community Corrections Center (CCC) for the twelve months prior to his release date, rather than the six months that have already been approved by the BOP. Application at 3. He further argues that the BOP is not following the guidelines set forth in 18 U.S.C. § 3621(b) when considering prisoner placement in a CCC. *Id.*

In the Preliminary Response, Respondent argues that Mr. Broughton has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Broughton has not filed any administrative remedy requests or appeals during his incarceration in BOP custody. Response at 3. Mr. Broughton concedes, Application at 2, and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Response at Attachment 2.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Garza v. Davis*, --- F.3d ---, No. 09-1448, 2010 WL 537769 at *4 (10th Cir. Feb. 17, 2010). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Broughton. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Broughton argues that exhaustion requirement should be waived because exhaustion would be futile. Reply at 1. While it is true that the exhaustion requirement may be waived if exhaustion would be futile, **see Garza**, 2010 WL 537769 at *4, the futility exception is narrow. *Id.*

In support of his argument that exhaustion would be futile, Mr. Broughton argues that it would take at least nine months to follow the various steps in the administrative remedy process, which process may not be completed before the time that Mr. Broughton would like to be released to a CCC. Reply at 1-3. However, by failing to even attempt to follow the administrative review process, Mr. Broughton's argument is necessarily speculative. Moreover, as the Supreme Court noted in *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001), courts should "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."

Mr. Broughton also argues that BOP staff members at Florence are making determinations on the release of inmates to a CCC in a categorical manner, in violation
3

of 18 U.S.C. § 3621(b). The Tenth Circuit, however, has found that this argument is unavailing. "'[T]o the extent that [the petitioner] argues that exhaustion is futile because officials at the Florence prison camp are categorically denying prisoner transfer requests, the higher administrative review levels available (regional and national appeals) demonstrate that exhaustion is not futile.' Where such a possibility of higher-level review exists, the exhaustion requirement may not be evaded." *Daybell v. Davis*, No. 09-1335, 2010 WL 653317, *3 (10th Cir. Feb. 24, 2010) (unpublished decision) (quoting *Garza*, 2010 WL 537769 at *5); *see also Ciocchetti v. Wiley*, No. 09-1336, 2009 WL 4918253 (10th Cir. Dec. 22, 2009) (unpublished decision) (rejecting similar arguments by the petitioner that exhaustion would be futile); *Torres-Villa v. Davis*, No. 09-1366, 2009 WL 4071834 (10th Cir. Nov. 25, 2009) (unpublished decision) (same).

Because Mr. Broughton has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile. Mr. Broughton may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action is dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this  22nd  day of  March , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00119-BNB

Mark Broughton
Reg No. 31620-013
FCI - Florence
P.O. Box 6000
Florence, CO 81226

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/23/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk